IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of | ) ) ) | No. 38150-1-III |
| DANIEL WAYNE HUBBARD, | ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |

SIDDOWAY, A.C.J. — The Department of Corrections petitions this court pursuant to RCW 9.94A.585(7) to review what it contends is an erroneous sentence imposed on Daniel Wayne Hubbard. The State concedes error. While the State originally requested remand, it thereafter filed a motion for leave to enter a corrected judgment and sentence and asked that we dismiss the petition as moot. Its motion attaches an amended judgment and sentence that has already been entered.

We remind the State and the trial court that the procedure contemplated by RAP 7.2(e) is for a CrR 7.8 motion to be presented to the trial court and for the trial court to *decide* the motion, but if, as here, it will change a decision under review, this court's permission should be obtained before the order is formally entered. In the interests of justice, we grant authority to the superior court nunc pro tunc to enter the amended judgment and sentence and dismiss the Department's petition as moot. RAP 1.2(a), 7.2(e), 12.2.

## FACTS, PROCEDURAL BACKGROUND, AND ANALYSIS

In December 2020, Daniel Wayne Hubbard was convicted following a bench trial of drive-by shooting - intimate partner and assault in the second degree - intimate partner. The trial court found that Mr. Hubbard was armed with a firearm in the commission of the assault. In a judgment and sentence entered on January 20, 2021, the trial court imposed a 20-month sentence for the drive-by shooting and, adding the 36-month firearm enhancement to a 9-month standard range sentence, imposed a 45-month sentence for the second degree assault. It provided for the sentences to be served concurrently, entering the total period of confinement as 45 months.

On February 1, 2021, the Department notified the trial court, prosecutor, and defense counsel of a perceived error. RCW 9.94A.533(3) provides in relevant part that "[i]f the offender is being sentenced for more than one offense, the firearm enhancement or enhancements must be added to the total period of confinement *for all offenses,*

*regardless of which underlying offense is subject to a firearm enhancement*." (Emphasis added). The Department requested that the judgment and sentence be amended to provide for a total period of confinement of 56 months, failing which it would refer its concern to the Attorney General's office for the possible filing of a postsentence petition.

While the State conceded error, vacillation on the part of defense counsel and the prospect of further briefing to the trial court delayed amendment. On April 21, 2021, the Department filed a postsentence petition pursuant to RCW 9.94A.585(7) with this court. The petition was timely, since the Department had received Mr. Hubbard's judgment and sentence on January 21, 2021. RCW 9.94A.585(7) (petition shall be filed no later than 90 days after the Department has actual knowledge of the terms of the sentence). The petition included the Department's certification that it made all reasonable efforts to resolve the dispute at the superior court level.

The State responded, conceding error and agreeing with the Department that the case should be remanded for correction of the judgment and sentence. The defendant did not respond.

On October 22, 2021, the petition was set for consideration by a panel of this court on December 10, 2021, without oral argument. Shortly thereafter, the State moved this court to accept an amended judgment and sentence that had already been entered by the superior court, and to dismiss the petition as moot. A copy of the amended judgment and sentence was attached to the motion and reflects sentences of 18 months for the drive-by

3

shooting and a total of 42 months for the second degree assault, inclusive of the 36-month firearm enhancement. The period of total confinement ordered is 54 months, thereby adding the enhancement to the total period of confinement for all offenses, as required. The judgment and sentence reveals that it was filed with the superior court clerk on August 24, 2021.

Under RAP 7.2(e), a "trial court has authority to hear and determine (1) postjudgment motions authorized by the . . . criminal rules . . . and (2) actions to change or modify a decision that is subject to modification by the court that initially made the decision." While the trial court is permitted to *decide* such a motion, it is required to seek this court's permission to formally enter its order if its determination will change a decision then on review. *Id.* While the prescribed procedure was not followed in this case, we may authorize the superior court's entry of the amended judgment and sentence nunc pro tunc.

Because the requested amendment has been made, the Department's petition is moot. *Klickitat County Citizens Against Imported Waste v. Klickitat County*, 122 Wn.2d 619, 631, 860 P.2d 390 (1993), *amended by* 866 P.2d 1256 (1994) (An appeal is rendered moot where it presents purely academic issues and where it is not possible for the court to provide effective relief.).

4

No. 38150-1-III
*In re Postsentence Review of Hubbard*

We grant authority to the superior court nunc pro tunc to enter the amended judgment and sentence and dismiss the Department's petition as moot. RAP 1.2(a), 7.2(e), 12.2.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Staab, J.

_____
Fearing, J.